Stephanie R. Tatar – State Bar No. 237792
**TATAR LAW FIRM, APC**
3500 West Olive Avenue, Suite 300
Burbank, California 91505
Telephone: (323) 744-1146
Facsimile: (323)967-7775
Stephanie@thetatarlawfirm.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAPHILL KNOX  Plaintiff,  v.  RENTGROW, INC.  Defendant. | CASE NO. 5:21-CV-1871  COMPLAINT  JURY TRIAL DEMANDED |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, the Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785.25 *et seq.,* and the Investigative Consumer Reporting Agencies Act ("ICRAA"), CA Civ. Code §§ 1786 *et seq*.

## THE PARTIES

2. Plaintiff Laphill Knox is an adult individual who resides in Fontana, CA.

3. Defendant RentGrow, Inc. (hereafter "RentGrow") is a consumer reporting agency which conducts business in the District of Massachusetts and has a primary office located at 177 Huntington Ave., Suite 1730, Boston, MA.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331.

5. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

6. In or around April 2020, Plaintiff was attempting to secure housing with NovaPoint Apartments, ("NovaPoint").

7. As part of Plaintiff's rental application, NovaPoint obtained a consumer report from Defendant.

8. Defendant's report contained derogatory and inaccurate information about Plaintiff.

9. Defendant has been reporting, and did here report, derogatory and inaccurate statements and information relating to Plaintiff to third parties ("inaccurate information").

10. The inaccurate information includes, but is not limited to, records of an eviction judgment.

11. The inaccurate information grossly disparages the Plaintiff.

12. In creating and furnishing the Plaintiff's consumer report, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff.

13. In fact, even a rudimentary review of the relevant public records would reveal that the inaccurate information should not have reported on Plaintiff's consumer report.

14. Despite the glaring inaccuracy stated above, Defendant sold to NovaPoint a consumer report that contained the inaccurate information.

15. Defendant has sold reports containing the inaccurate information to third parties since at least April 2020.

16. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate consumer reports that they have disseminated and resold to various persons, both known and unknown.

17. As a result of the inaccurate report Defendant sold to NovaPoint in April 2020, Plaintiff was denied housing with NovaPoint.

18. The basis for that denial was the inaccurate information that appears on Plaintiff's consumer report prepared by the Defendant, which was a substantial factor for the denial.

19. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost rental opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

20. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

21. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## **COUNT I - VIOLATIONS OF THE FCRA**

22. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

24. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

25. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

26. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §1681e(b).

27. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation.

## COUNT II - VIOLATIONS OF THE CCRAA

28. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29. At all times pertinent RentGrow was a "person[s]" and "consumer credit reporting agenc[ies]" as those terms are defined by Cal. Civ. Code §§ 1785.4(j) and 1785.3(d), respectively.

30. Plaintiff is a "consumer" as that term is defined by Cal. Civ. Code §§ 1785.3(b) and 1785.6.

31. The above-mentioned consumer reports were "consumer credit reports" as that term is defined by Cal. Civ. Code § 1785.3(c).

32. In violation of Cal. Civ. Code § 1785.14(b), RentGrow failed to follow reasonable procedures to assure maximum possible accuracy of the information

concerning the individual about whom the report relates, when it prepared consumer reports about Plaintiff.

33. Pursuant to Cal. Civ. Code § 1785.31, RentGrow is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer credit reporting agency pursuant to Cal. Civ. Code § 1785.14(b).

34. RentGrow's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, they are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT III - VIOLATIONS OF THE ICRAA

35. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

36. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

37. At all times pertinent RentGrow was a "person[s]" and "consumer reporting agenc[ies]" as those terms are defined by CA Civ. Code § 1786.2(a) and (d).

38. Plaintiff is a "consumer" as that term is defined by CA Civ. Code § 1786.2(b).

39. The above-mentioned consumer reports were "investigative consumer reports" as that term is defined by CA Civ. Code § 1786.2(c).

40. In violation of CA Civ. Code § 1786.20 Defendant failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates, when it prepared consumer

reports about Plaintiff, and when it included the inaccurate records in the reports it sold to NovaPoint.

41. Pursuant to CA Civ. Code § 1786.5(a) and (b), Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on an investigative consumer reporting agency.

42. Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, they are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

43. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;
(b) Statutory damages;
(c) Punitive damages;
(d) Costs and reasonable attorneys' fees; and
(e) Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,
TATAR LAW FIRM, APC


BY:  */s/ Stephanie R. Tatar*
Stephanie R. Tatar
*Attorney for Plaintiff*